UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10607-GAO

JOSELIN M. KVETKOSKY, as personal representative of the estate of Jeffrey C. Vance,
Plaintiff,

v.

BOYDSTUN EQUIPMENT MANUFACTURING, LLC, et al.,
Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION
March 26, 2020

O'TOOLE, S.D.J.

The magistrate judge to whom this matter was referred has filed a Report and Recommendation ("R & R") recommending that the motion of the defendant, Boydstun Equipment Manufacturing, LLC ("BEM"), for summary judgment be granted for the reason that BEM cannot as a matter of law be liable as a successor entity to Boydstun Metal Works, Inc. ("BMW") (a now-dissolved corporation) because BEM did not acquire a substantial portion of BMW's assets. After review of the relevant pleadings and submissions, including the plaintiff's objections to the R & R and the defendant's response thereto, I concur with the magistrate judge's analysis and proposed ruling, and therefore ADOPT the R & R (dkt. no 68) in its entirety.

The plaintiff objects to the magistrate judge's ruling that as a matter of law successor liability cannot be imposed on BEM because BEM does not meet the threshold requirement of having acquired substantially all of its would-be predecessor BMW's assets. The plaintiff argues that the magistrate judge's ruling is flawed because it does not consider the appropriate time frame of reference, which it argues should be at the time of the transfer. The plaintiff does not make any other substantive objections to the R & R.

The record fully supports the magistrate judge's analysis that a substantial portion of BMW's assets were liquidated in bankruptcy proceedings prior to BEM's formation and were not transferred to BEM. I agree with the magistrate judge's conclusion that the "threshold requirement" for imposing successor liability, the transferring of substantial assets, was therefore not established. See Fashionhaus v. T & C Main St., Inc., 110 N.E.3d 1220 (Table), 2018 WL 3965905, at *3 (Mass. App. Ct. Aug. 20, 2018) (citing Premier Capital, LLC v. KMZ, Inc., 984 N.E.2d 286, 292 (Mass. 2013)); Dahlke v. Cascade Acoustics, Inc., 171 P.3d 992, 997 (Or. Ct. App. 2007).

The defendant's Motion for Summary Judgment (dkt. no. 62) is GRANTED and judgment shall enter accordingly.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge